# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DURRELL JORDAN DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 2:24-cv-02585-SHM-tmp |
| FLOYD BONNER, JR., ET AL., | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO AMEND COMPLAINT (ECF NO. 13)
DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 2, 8, 11, 12,
15, 16, 17, 18, 19 & 21) WITHOUT PREJUDICE;
DIRECTING DAVIS TO FILE AN AMENDED COMPLAINT ON THE
OFFICIAL FORM;
DENYING PENDING MOTIONS (ECF NOS. 9 & 10);
AND DIRECTING CLERK TO SEND FORM TO DAVIS**

On August 15, 2024, Plaintiff Durrell Jordan Davis ("Davis") filed: (1) a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 (ECF No. 2); and (2) an Application to Proceed in District Court Without Prepaying Fees or Costs and a certified trust fund account statement (ECF No. 3 (the "IFP Motion")). When David filed the complaint, he was confined at the Shelby County Jail (the "SCJ"), in Memphis, Tennessee, and was assigned Tennessee Department of Correction prisoner number 20112404. (ECF No. 2 at PageID 3; ECF No. 2-1 at PageID 6.) On October 9, 2024, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) filing fee in accordance with the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 6.)

The complaint (ECF No. 2), Davis's proposed amended complaints (ECF Nos. 8, 11, 12, 15, 16, 17, 18, 19 & 21), and Davis's pending motions (ECF Nos. 9, 10 & 13) are before the Court.

For the purpose of screening Davis's claims under § 1983 pursuant to the PLRA, the complaint (ECF No. 2) and the proposed amended complaints (ECF Nos. 8, 11, 12, 15, 16, 17, 18, 19 & 21) are **CONSOLIDATED** as the Consolidated Complaint.  For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 2, 8, 11, 12, 15, 16, 17, 18, 19 & 21) is **DISMISSED WITHOUT PREJUDICE**; (2) the motion for leave to amend (ECF No. 13) is **GRANTED**; (3) Davis is **DIRECTED** to file an amended complaint on the proper form complaint for claims under § 1983; and (4) all other pending motions (ECF Nos. 9 & 10) are **DENIED WITHOUT PREJUDICE**.

I.   BACKGROUND

In the complaint, Davis alleges that he "was made aware by federal tarnished badge taskforce offices that I was a victim of civil rights violations due to detectives and/or officers employed by the Shelby County Sheriff's Office giving my personal information, addresses and social security number." (ECF No. 1 at PageID 3.)  In the complaint, Davis sues: (1) Sheriff Floyd Bonner, Jr.; (2) Detective John Doe #1; (3) Detective John Doe #2; and (4) Shelby County, Tennessee.  (*Id*. at PageID 1-2.)  Davis seeks: (1) "disclos[ur]e [of] all information about this to be disclosed to me"; (2) "reimbursement for the debts due to the detectives giving out my information"; and (3) "compensat[ion] for the pain and suffering this has caused my family and I." (*Id*. at PageID 4.)

On November 12, 2024, Davis filed: (1) a motion seeking appointment of counsel (ECF No. 9 at PageID 23-24); and (2) a proposed amended complaint, alleging additional facts about "detectives and/or officers employed at the Shelby County Sheriff's Office providing confidential information concerning me to people who had contracts out to kill me.  The information was meant to aid them in harming me." (ECF No. 8 at PageID 18.)

2

On December 2, 2024, Davis filed: (1) a motion for an "order to show cause for a preliminary injunction and a temporary restraining order […] enjoining the Defendants […] from moving Plaintiff from Shelby County Criminal Justice Center away from Sheriff Officers to ensure his safety" (ECF No. 10 at PageID 26); and (2) another proposed amended complaint, alleging additional facts about "breach of trust [by] public officials" and "identity theft" (ECF No. 11 at PageID 29-31; ECF No. 12 at PageID 34).

On December 3, 2024, Davis filed a "motion for leave to file an amended complaint." (ECF No. 13.)  Davis alleges generally that "since the filing of the complaint[,] the Plaintiff has learned about new relief that can be requested that will help his case move forward in a better manner."  (*Id*. at PageID 36.)

On December 4, 2025, Davis filed another proposed amended complaint, seeking to: (1) add the Shelby County Sheriff's Office as a Defendant, (2) allege additional facts about Sheriff Bonner, Detective John Doe #1, and Detective John Doe #2 being "legally responsible for the civil rights violations" and "breach of trust by public official, negligence, identity theft, physical injury, and pain and suffering", and (3) add claims for declaratory relief, injunctive relief, compensatory damages, punitive damages, and costs of suit.  (ECF No. 15 at PageID 40-44.)

On December 5, 2025, Davis filed another proposed amended complaint, "request[ing] to drop Shelby County Sheriff's Office as a Defendant and remove the Sheriff's Office from [the] Defendant Section in [the] amended complaint."  (ECF No. 16 at PageID 47.)

On January 2, 2025, Davis filed another proposed amended complaint, seeking to (1) "drop[] […] the Shelby County Sheriff's Office as a Defendant" and (2) sue Bonner, Detective #1, Detective #2 and Shelby County in their official and individual capacities.  (ECF No. 17 at PageID 49-50.)

3

On January 24, 2025, Davis submitted two handwritten pages of factual allegations about the Defendants' "deliberate indifference," "failure to properly hire, train, supervise, monitor and discipline officers of the Shelby County Sheriff's Office," and "civil right violations."  (ECF No. 18 at PageID 52; ECF No. 19 at PageID .)

On May 19, 2025, Davis filed another proposed amended complaint, seeking to add a "supplemental claim" on behalf of Davis and other detainees at the SCJ regarding "several life-threatening policies and customs that are carried out by the correctional officers."  (ECF No. 21 at PageID 59 (alleging unconstitutional conditions of confinement due to lockdown, insufficient shower duration, cell overcapacity, medical care deprivation, and inadequate grievance process).)

## II.    SCREENING

### A.  LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations

4

are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a " 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading' " (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Davis alleges claims under 42 U.S.C. § 1983. (ECF No. 2 at PageID 2.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

The Consolidated Complaint does not set forth coherently the constitutional claims that Davis alleges against each Defendant. Davis does not identify the injuries that he incurred because of alleged misconduct by specific Defendants on particular dates. Instead, Davis has submitted twenty-seven pages of vague generalizations about, for example, "civil rights violations, breach of trust by public official, and identity theft"; varying lists of Defendants; inconsistent requests for relief; and proposed joinder of new plaintiffs. (*See* ECF No. 2 (four pages); ECF No. 8 (six pages); ECF No. 11 (three pages); ECF No. 12 (one page); ECF No. 15 (six pages); ECF No. 16 (one page); ECF No. 17 (one page); ECF No. 18 (two pages); ECF No. 19 (one page); ECF No. 21 (two pages).) From those varying facts, party lists, and requested relief, Davis relies on the Court to elucidate Davis's legal claims for him. The Consolidated Complaint is not well taken.

Here, the Consolidated Complaint's twenty-seven pages of generalizations about "civil rights violations, breach of trust by public official, and identity theft" are not clear and concise claims that comply with Fed. R. Civ. P. 8(a). The Consolidated Complaint's disjointed and inconsistent presentation of claims, Defendants, and requested relief effectively asks the Court to identify for Davis his legal claims and their supporting facts. The Court cannot do so. *See Brown*, 415 F. App'x at 612-13.

The Consolidated Complaint fails to comply with Fed. R. Civ. P. 8(a) and lacks sufficiently-alleged claims for the Court to screen pursuant to the PLRA. The Consolidated Complaint (ECF Nos. 2, 8, 11, 12, 15, 16, 17, 18, 19 & 21) is **DISMISSED WITHOUT PREJUDICE**. The motion to amend (ECF No. 13) is **GRANTED**. Davis is **DIRECTED** to file an amended complaint on the proper form, pursuant to the conditions set forth below.

IV.     **THE MOTION FOR COUNSEL**

6

Davis seeks appointment of an attorney because: (1) Davis "is unable to afford counsel" (ECF No. 9 at PageID 23); and (2) Davis's "imprisonment will greatly limit his ability to litigate. The issues involved in this case are complex and will require significant research and investigation. Plaintiff has extremely limited access to the law library" (*id.*); and (3) "[a] trial in this case will likely involve conflicting testimony and counsel would better enable plaintiff to present evidence and cross-examine witnesses." (*Id.* at PageID 24.) The motion does not warrant the relief Davis seeks.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. To determine whether there are exceptional circumstances, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional

circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

Davis's method of pleading his legal claims and the supporting facts fails to comply with Fed. R. Civ. P. 8(a). The Consolidated Complaint nevertheless attempts to assert claims that come within § 1983, a well-settled area of law.

That Davis has no formal legal education is not an exceptional circumstance that warrants the appointment of counsel in a civil case. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Like all prisoners proceeding *pro se* before the Court, Davis must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. *See Howard*, 2000 WL 876770, at *2.

To the extent Davis seeks appointment of counsel because he is incarcerated, his argument is unpersuasive. Davis's "imprisonment" (ECF No. 9 at PageID 23) is typical, not exceptional. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (*pro se* litigant); *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Vasser v. Anderson Cnty. Det. Ctr. Doctor*, No. 3:24-cv-257, 2024 WL 3297341, at *1 (E.D. Tenn. July 3, 2024) ("Plaintiff's allegations regarding his incarceration, self-representation, and lack of an attorney are typical of prisoner plaintiffs"); *Dalton v. Murfreesboro Police Dep't*, No. 3:18-cv-0402, 2018 WL 3438777, at *1 (M.D. Tenn. July 17, 2018) (inmates are typically indigent and untrained *pro se* litigants) (citation omitted).

8

To the extent Davis seeks appointment of counsel based on his vague statement about "limited access" to the prison law library (ECF No. 9 at PageID 23), Davis's argument is unpersuasive. The complete denial of access to a law library, in the absence of any other form of legal assistance, would constitute a deprivation of the right of access to the courts. *See Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020); *see also Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)). Davis does not provide the facts necessary for the Court to evaluate meaningfully Davis's claim about "limited access" to the library. (*See* ECF No. 9 at PageID 23.) For example, Davis does not allege: (1) when he sought access to the prison law library; (2) the purpose for which he sought access to the law library; (3) the identity of the person(s) who denied him access and the reasons given; or (4) whether the jail provides access to other forms of legal assistance, such as jailhouse lawyers. These factors are important because prisons may place reasonable restrictions on inmates' access to a law library. Prisons may forgo providing a law library entirely in favor of providing other forms of legal assistance. *Walker v. Mintzes*, 771 F.2d 920, 931-32 (6th Cir. 1985). Absent answers to the foregoing questions, the Court cannot determine whether Davis's alleged "limited access" is: (1) a constitutional deprivation; (2) merely the product of reasonable restrictions on law library use; or (3) a choice to replace law library access with other forms of legal assistance.

The motion seeking appointment of counsel (ECF No. 9) is unpersuasive. Davis does not demonstrate exceptional circumstances warranting appointment of counsel. The motion (ECF No. 9) is **DENIED WITHOUT PREJUDICE**, subject to Davis's right to re-file a motion for appointment of counsel if the case proceeds.

V.  **CONCLUSION**

For these reasons explained above:

9

      A.      The Consolidated Complaint (ECF Nos. 2, 8, 11, 12, 15, 16, 17, 18, 19 & 21) is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief as required by Fed. R. Civ. P. 8(a).

      B.      The motion to amend the complaint (ECF No. 13) is **GRANTED**. The Court **ORDERS** Davis to file an amended complaint within **THIRTY (30) DAYS** of the date of this Order. In that filing, Davis shall clarify the allegations in the Consolidated Complaint by concisely alleging in **one** document **all** Defendants and **all** claims within this Court's jurisdiction. Davis shall submit the amended complaint on the form for "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983."[1] The amended complaint must be complete without reference to a prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document such as exhibits. Any exhibits to the amended complaint must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in the amended complaint must arise from the facts initially alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Davis fails to comply with this Order in a timely manner, the Court will dismiss the action without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2]

---

[1]    *See* www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983 form) (last accessed August 13, 2025).

[2]    "If the plaintiff fails to prosecute or to comply with the[] [Federal] [R]ules [of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

C.     To the extent Davis seeks in an amended complaint to allege claims on behalf of other inmates (the "Other Inmates") (*see* ECF No. 21 at PageID 59-60), Davis is reminded that "[n]o *pro se* plaintiff may sign pleadings on behalf of another plaintiff." *Powers v. U.S. Dep't of Labor,* No. 08–2755, 2012 WL 1076301, at *1 (W.D. Tenn. Mar. 29, 2012). Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented by an attorney." This means that, pursuant to Federal Rule of Civil Procedure 11, each plaintiff in this case must personally sign all documents filed on his behalf in this case. The Court notes the following about Rule 11.

Rule 11(b) of the Federal Rules of Civil Procedure governs representations made to the Court. That Rule establishes that, when an attorney or unrepresented party signs, files, submits, or "later advocat[es]" a pleading, written motion, or the like, the attorney or party certifies to the Court that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In other words, a party's signature means that he is representing to the Court that the factual representations within the filing he signed are to be taken as true. Rule 11(c)(1) grants the Court discretion to "impose an appropriate sanction" on an attorney or

11

party "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated."

In the instant case, the Other Inmates who intend to pursue the claims alleged in an amended complaint are each **ORDERED** to sign the amended complaint and file it with the Clerk of Court within **THIRTY (30) DAYS** of the date of this Order. When signing the amended complaint for filing, each of the Other Inmates **SHALL** (1) print his name, (2) sign the complaint, and (3) provide his prisoner identification number. For Other Inmates whose signature is illegible or otherwise deficient, those Other Inmates will have failed to sign the complaint in compliance with this Order. Each of the Other Inmates is warned that, if he fails to comply with this directive, the Court will (1) dismiss that Other Inmate's claims for failure to prosecute and (2) dismiss with prejudice that Other Inmate as a party in this case. Each of the Other Inmates is also warned that failure to comply with this directive does not toll the running of the statute of limitations on his § 1983 claims alleged in an amended complaint. *See* Tenn. Code Ann. § 28-3-104(a)(1)(B); *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

D.      In this case, only Davis has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 3; *see also* ECF No. 6.) Each of the Other Inmates who intends to pursue the claims alleged in an amended complaint **SHALL**, within **THIRTY (30) DAYS** of the date of this Order, either: (1) pay the full amount of the $350.00 civil filing fee; or (2) file (a) a signed and properly completed Application To Proceed In District Court Without Prepaying Fees Or Costs (Short Form) (form AO 240) and (b) a certified copy of his inmate trust account covering the six (6) months before the complaint was filed. *See, e.g., Adkisson v. Welch*, No. 3:22-cv-312, 2022 WL 14809099, at *1 (E.D. Tenn. Oct. 25, 2022) (in an action under § 1983, granting seven *pro se*

12

prisoner-plaintiffs' motions for leave to proceed *in forma pauperis* and assessing the $350 filing fee against each plaintiff); *Montague v. Schofield*, No. 2:14-cv-292 (E.D. Tenn. Dec. 10, 2014) (ECF No. 46) (directing each of one hundred and four *pro se* prisoner-plaintiffs who signed the § 1983 complaint to pay the $350 filing fee or file motions to proceed *in forma pauperis*). If any of the Other Inmates needs additional time to submit his inmate trust account statement, he may, within **THIRTY (30) DAYS** of the date of this Order, file a motion for extension of time.

If each of the Other Inmates timely submits the necessary documents and the Court finds that he is indigent, the Court will grant such Other Inmates leave to proceed *in forma pauperis* and assess each of them only a $350.00 filing fee in accordance with the installment procedure of 28 U.S.C. § 1915(b). However, if any of the Other Inmates fails to comply with this Order in a timely manner, the Court will (1) deny that plaintiff leave to proceed *in forma pauperis*, (2) assess the entire $405.00 filing fee from the noncompliant plaintiff's inmate trust account without regard to the installment payment procedures, and (3) dismiss that plaintiff's claims in this case without further notice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).[3]

E.    The Clerk of Court is **DIRECTED** to mail to Davis a form Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983.

F.    The motion for appointment of counsel (ECF No. 9) is **DENIED WITHOUT PREJUDICE**, subject to Davis's right to re-file the motion if this case proceeds.

---

[3] Even a voluntary dismissal by a plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F3d. 378, 381 (6th Cir. 2002).

G.  Given that the Consolidated Complaint fails to comply with Fed. R. Civ. P. 8(a) and does not survive screening under the PLRA, the motion for an order to show cause (ECF No. 10) is **DENIED** as moot, subject to Davis's right to re-file the motion if this case proceeds.

**IT IS SO ORDERED** this  *18th*  day of August, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE